Christina J. Moser (199027)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone:    216.621.0200
Facsimile:    216.696.0740

Teresa C. Chow (237694)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:    cmoser@bakerlaw.com
         tchow@bakerlaw.com

Attorneys for Plaintiffs Bragi GmbH,
Bragi Store, LLC, and Bragi North America, LLC

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bragi GmbH, Bragi Store, LLC, and Bragi North America, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>OnePlus Technology (Shenzhen) Co., Ltd, ,<br><br>Defendant. | CASE NO.: 3:18-CV-02972-JCS<br><br>**MOTION FOR ALTERNATE SERVICE**<br><br>**Chief Magistrate Judge Spero**<br><br>**Hearing date: July 13, 2018**<br>**Hearing time: 9:30 a.m.** |

   **PLEASE TAKE NOTICE** that, on July 13, 2018 at 9:30 a.m. in Courtroom G – 15th Floor of the United States Courthouse for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Bragi GmbH, Bragi Store, LLC, and Bragi North America, LLC ("Plaintiffs") will and hereby does move for an Order under Federal Rule of Civil Procedure 4(f)(3) permitting alternate service of process on Defendant OnePlus Technology (Shenzhen) Co., Ltd ("OnePlus") by registered email with courtesy copies sent by registered mail to counsel for Defendant, return receipt requested, based on the points and authorities

incorporated herewith, the declarations and exhibits submitted herewith, and any further argument or evidence as may be submitted prior to the hearing on the motion.  A Proposed Order is submitted with this motion.

### Issue to be Decided

Whether under Federal Rule of Civil Procedure 4(f)(3) alternate service to Defendant, a Chinese company with no known physical location in the U.S., by way of registered email, with copies sent to counsel by registered mail, comports with due process.  The Plaintiffs propose to serve Defendant's Director and Co-founder, Defendant's European counsel, and Defendant's U.S. trademark counsel in this manner.

### Relevant Facts

On May 18, 2018, Plaintiffs filed their Complaint to address the continued willful infringement by OnePlus of Plaintiffs' THE DASH and THE DASH PRO trademarks for wireless ear phones and chargers.  *See Complaint*, Dkt No. 1.  OnePlus is a Chinese manufacturer of smart phones, wireless earphones, and related chargers.  *Id.* at 7-8.  They appear to sell their products primarily over the internet, and utilize third party shipping companies to deliver them to customers in the United States.  The action was filed in this Court because the defendant, a Chinese limited liability company, is believed to have a presence in San Francisco based in part on recent OnePlus employment advertisements identifying the location of the job as San Francisco.  **Declaration of Christina J. Moser** ("Moser Dec.") at ¶2; **Exhibit 1** (About OnePlus Webpage); and **Exhibit 2** (OnePlus Careers Webpage).  Further, at the time of filing, OnePlus had announced a "pop-up" event to be held to publicly showcase OnePlus's products (including the infringing products) on May 21, 2018 at the Contemporary Jewish Museum.  **Moser Dec.** at ¶8.  At such events, promoted extensively using social media, including Facebook, OnePlus representatives temporarily show up to market their products, and then

MOTION FOR ALTERNATE SERVICE

leave.[1]  *Id.*  Other than the now-concluded pop-up events (in San Francisco and New York), no physical location for OnePlus in the United States has been located.  *Id*.  Most of OnePlus's customer interactions appear to be conducted electronically over the Internet.  *Id.*

OnePlus appears to have multiple places of business in China.  On its trademark application with the United States Patent and Trademark Office (""USPTO") it identified its principal place of business as Room 201, Building A, No. 1 Qianwan Road 1, Qianhai Shenzhen-HK Cooperation Zone, Shenzhen, China.  *Id.* at ¶5; **Exhibit 3** (USPTO Record).[2]  OnePlus's address listed in a third party database is 18C05, 18C04, 18C03, 18C02, Shenye Tairan Building, North To Binhe Avenue, Futian District, 518040 Shenzhen, China.  **Moser Dec.** at ¶5.  This address is similar to that on the shipping label used by OnePlus.  *Id.*; **Exhibit 4** (Photos of Infringing Products).

The parties have been communicating regarding this dispute, which extends to OnePlus's infringement of Bragi's European and other trademarks.  **Moser Dec.** at ¶3.  On May 20, 2018, counsel for Plaintiffs emailed copies of the Complaint to OnePlus's European trademark counsel, who had been participating in discussions on behalf of Defendant relating to Plaintiffs' trademark infringement allegations against OnePlus.  *Id.* at ¶8; **Exhibit 5** (May 20, 2018 Email).  The email asked if she could advise whether she was authorized to accept service or, alternately, provide Plaintiffs with the address of OnePlus's San Francisco office.  *Id*.  Plaintiffs explained that they wanted to avoid having to personally serve OnePlus at its May 21st public pop-up event.  *Id.*  OnePlus's counsel never responded to that email.  **Moser Dec.** at ¶9.  The evening of May 21st, Plaintiffs' process server went to the designated location for the pop-up event, and attempted to hand a copy of the Complaint and other initiating documents to OnePlus's

---

[1] Despite its business presence in California, OnePlus has failed to register itself with the California Secretary of State as a business entity, making service of legal documents on them all the more difficult.
[2] Plaintiffs ask that the Court take judicial notice of the records of the U.S. Patent and Trademark Office, to the extent necessary.

MOTION FOR ALTERNATE SERVICE

representative. *Id.*; **Exhibit 6** (Declaration of Reasonable Diligence). The process server was intercepted by security at the event, told that the only persons at the event were OnePlus "consultants," rather than employees, and was forcibly escorted from the premises. *Id.*

OnePlus's products have been accused of infringing intellectual property rights in multiple U.S. courts. **Moser Dec.** at ¶7; **Exhibit 7** (PACER Report).[3] In the past two years, two actions by separate parties were filed in this Court and the Eastern District of Texas accusing OnePlus's smartphones of patent infringement. *Id.* Those actions were dismissed without prejudice when it was discovered that the named defendant, "OnePlus, Inc.," was not related to OnePlus. *Id.* A third patent infringement action, filed over a year ago, on January 30, 2017, in the District of Delaware against the proper OnePlus entity, stands in limbo as the plaintiff awaits service of the complaint under *The Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters*, Nov. 15, 1965 (Hague Service Convention), (1969) 20 U.S.T. 361, T.I.A.S. No. 6638. *Id.* The most recent status report in that case, dated April 2, 2018, indicated that the Chinese Ministry of Justice could not confirm service, nor provide any information about when it could be expected, other than that the expected service time for such materials in China is between one and two years. *Id.*

Plaintiffs have been attempting to stop OnePlus's worldwide infringement of its trademarks, to no avail. At the beginning of the year, OnePlus announced that it is now focusing on the U.S. market, which is confirmed by OnePlus's recent OnePlus 6 launch efforts and apparent hiring of marketing employees in the United States. *See* Dkt No. 1, *Complaint* at ¶8; **Exhibit 2**. On May 29, 2018, Plaintiffs confirmed that OnePlus's recent launch of its new OnePlus 6 smartphone are being sold and shipped with the infringing power cables and chargers

---

[3] Plaintiffs ask that the Court, to the extent necessary, take judicial notice of the court records for: *Lightwire, LLC v. OnePlus, Inc.*, Case No. 3:2018cv01163 (N.D. Cal.); *Koninklijke KPN N.V. v. OnePlus Technology*, Case No. 1:2107cv00089 (D. Del.); and *Deshodax LLC v. OnePlus, Inc.*, Case No. 5:2017-cv-00083 (E.D. Tex.).

MOTION FOR ALTERNATE SERVICE

that prominently bear the infringing DASH trademark.  **Moser Dec.** at ¶4; **Exhibit 4** (Photographs of Infringing Products).  Continued shipping of the infringing products will undermine Plaintiffs' trademark rights and irreparably harm Plaintiffs' goodwill.  Plaintiffs cannot, and should not be expected to, wait for two years to commence this litigation, particularly as OnePlus takes advantage of the United States market by selling its products here, but avoids service of process at all costs.

**Argument**

Under Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2), the Court may direct service "by other means not prohibited by international agreement, as the court orders," because OnePlus is a foreign company.  *See* Fed. R. Civ. P. 4(f)(3) and 4(h)(2).  "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'  [citation omitted]  It is merely one means among several which enables service of process on an international defendant."  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

Although China is a signatory to the Hague Service Convention, service is not practical in this case under Fed. R. Civ. P. 4(f)(1) because the waiting time for service in China under the Hague Service Convention takes 1-2 years, at best.  Numerous courts in this District have found alternate service methods appropriate without a prior attempt to serve through the Hague Service Convention. *See, e.g., In re LDK Solar Sec. Litig.*, No. 07-05182, 2008 WL 2415186, at *2 (N.D.Cal. June 12, 2008); *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 WL 3996196 *2 (N.D. Cal. 2017) (service of trademark lawsuit on Chinese defendants through U.S. counsel and Facebook).

China's objections to Article 10 of the Hague Service Convention, which permits service via postal channels, do not prevent service by electronic mail or substitute service on U.S.-based counsel.  *See, e.g., In re Cathode Ray Tube (CRT) Antitrust* Litigation, 27 F.Supp. 3d 1002 (N.D. Cal. 2017) (approving service on Chinese defendant by mail to its U.S. counsel); *Williams-*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

*Sonoma Inc. v. Friendfinder Inc.*, No. 06-06572-JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (distinguishing email from postal mail and concluding that service by email to parties in the Czech Republic, Norway, Switzerland, and Ukraine was permissible); *In re LDK*, 2008 WL 2415186, at *3 (permitting service of Chinese defendants under Rule 4(f)(3) via email to U.S. counsel, despite China's objections to Article 10, because the service requested did not involve service by "postal channels"); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011) (email service acceptable even as to countries objecting to Article 10 of the Hague Service Convention); *Facebook, Inc. v. Banana Ads, LLC*, No. 11-3619-YGR, 2012 WL 1038752, at *2 n.5 (N.D. Cal. Mar. 27, 2012) (finding that email service to Hong Kong, "a special administrative region of the People's Republic of China," was acceptable).

Plaintiffs' proposed service means comports with Due Process. The Ninth Circuit underscored in *Rio* that, when email was the "method of service aimed directly and instantly" at the defendant, email would be reasonably calculated to apprise the defendant of the pendency of the lawsuit. 284 F.3d at 1018. "As other courts in this district have noted, where defendants conduct commercial internet activities, email service is reasonably calculated to apprise them of the suit and thus comports with due process." *Microsoft Corp. v. FIFAVIP Co., Ltd.*, Case No. 17-cv-02887-LHK, 2017 WL 4517060 *5 (N.D. Cal. Oct. 10, 2017) (authorizing service on Chinese defendants via registered email). Likewise, the defendant in this case conducts its commercial activities primarily over the internet and it has authorized its U.S. and European legal representatives to communicate and receive document using their respective email addresses. Moreover, Defendant's Director and European counsel communicate in English, and so serving copies of the initiating documents in English does not violate due process. **Moser Dec.** at ¶¶3, 10; **Exhibit 8** (Pei Article); **Exhibit 9** (Fowler Firm Biography).

MOTION FOR ALTERNATE SERVICE

Plaintiffs have recently communicated with Defendant's Director and Co-founder and its European counsel by email utilizing the same email addresses identified in the Proposed Order. **Moser Dec.** at ¶3. Defendant authorized the United States Patent and Trademark Office to send official correspondence to the email addresses provided by its U.S. trademark counsel. *Id.* at ¶5; **Exhibit 3** (USPTO Record). Email service to Defendant's Director and Co-founder, European counsel, and U.S. trademark counsel, with copies sent to Defendant's counsel via registered mail, is more than reasonably calculated to apprise the Defendant of the pendency of this lawsuit.

Accordingly, for the foregoing reasons, OnePlus respectfully requests an Order approving alternate service on OnePlus as set forth above and in the Proposed Order submitted concurrently herewith.

Dated: June 7, 2018                                          Respectfully submitted,

*/s/ Christina J. Moser*
Christina J. Moser (199027)
Email:        cmoser@bakerlaw.com
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone:   216.621.0200
Facsimile:    216.696.0740

Teresa C. Chow (237694)
Email:        tchow@bakerlaw.com
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA  90025-0509
Telephone:   310.820.8800
Facsimile:    310.820.8859

Attorneys for Bragi GmbH, Bragi Store, LLC, and Bragi North America, LLC

MOTION FOR ALTERNATE SERVICE

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2018, I filed the foregoing Motion for Alternate Service and the accompanying exhibits via the Court's ECF system.  Because Plaintiffs have been unable to effectuate service of process of the Complaint upon Defendant, and that this motion seeks leave to do so via email and registered mail, Plaintiffs have served a copy of this Motion as follows:

| *Via registered email to:* | *Via registered email and registered mail to:* |
|---|---|
| Carl Pei<br>Director, OnePlus Technology (Shenzhen) Co., Ltd<br>carl@oneplus.com | Simone Chen, Esq.<br>Muncy, Geissler, Olds & Lowe, P.C.<br>4000 Legato Road<br>Suite 310<br>Fairfax, VA 22033<br>simone@mg-ip.com; mailroom@mg-ip.com<br><br>Imogen Fowler<br>Hogan Lovells (Alicante) S.L. & Cia.<br>Avenida Maisonnave 22<br>03003 Alicante, Spain<br>Imogen.fowler@hoganlovells.com |

By: /s/ Christina J. Moser
Christina J. Moser, counsel for Plaintiffs

MOTION FOR ALTERNATE SERVICE

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND